NO. 12-10-00416-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS                             §                      APPEAL
FROM THE

 

FOR THE BEST INTEREST                      §                      COUNTY
COURT AT LAW

 

AND PROTECTION OF T.S.                      §                      CHEROKEE
COUNTY, TEXAS







MEMORANDUM
OPINION

            T.S.
appeals from an order of commitment for temporary inpatient mental health
services and an order to administer psychoactive medication.  After a hearing
without a jury, the trial court ordered T.S. committed to Rusk State Hospital for
a period not to exceed ninety days.  The court also signed an order authorizing
the Texas Department of Mental Health and Mental Retardation[1]
to administer psychoactive medication to T.S.  In one issue, T.S. contends that
he is entitled to a new trial because the court reporter’s record has been
lost.  We affirm.

 

Background

            On
November 15, 2010, an application for court ordered temporary mental health
services was filed requesting the court commit T.S. to Rusk State Hospital for
a period not to exceed ninety days.  The application was supported by two
certificates of medical examination for mental illness.  Both physicians
diagnosed T.S. as suffering from schizophrenia.  On November 22, an application
for court ordered administration of psychoactive medication was filed.

            After
a hearing on November 23, the trial court ordered T.S. committed to Rusk State
Hospital for a period not to exceed ninety days.  The court also authorized
administration of psychoactive medication.  On December 3, 2010, T.S.’s trial
counsel filed a notice of appeal on his behalf.  On the same day, an appellate
attorney was appointed.  On December 14, counsel filed his request for
preparation of the reporter’s record and designation of matters to be
included.  On the same day, the trial court granted the request.  Also on
December 14, the court reporter filed a request for extension of time to file
the record in this court because Smith County had not paid for the record.  On
January 5, 2011, we ordered the case submitted on the clerk’s record alone.  On
February 15, 2011, counsel filed a motion to extend time to file the brief,
explaining that because Smith County has not paid, counsel agreed to pay for
the record.  On March 10, 2011, the court reporter filed an affidavit explaining
that she is unable to locate the stenographic record of T.S.’s case.

 

Lost Record

            In
his sole issue, T.S. contends he should be granted a new trial because he made
a timely request for a reporter’s record but it has been lost due to no fault
of his.  Further, he asserts the record is necessary to disposition of the
appeal and could not be replaced by agreement of the parties.  He argues that,
without the record, counsel is unable to adequately determine what issues, if
any, he should argue on appeal.

Applicable
Law

            The
court reporter is responsible for filing the reporter’s record.  Tex. R. App. P. 35.3(b).  However, this
duty does not arise until the party responsible for paying for the preparation
of the reporter’s record has paid the reporter’s fee or has made satisfactory
arrangements to pay the fee.  Id.  Texas Rule of Appellate
Procedure 34.6(f) provides that an appellant is entitled to a new trial if he
timely requested a reporter’s record, if the reporter’s notes and records have
been lost or destroyed through no fault of the appellant, if the lost record is
necessary to the appeal’s resolution, and if the lost record cannot be replaced
by agreement of the parties.  Tex. R.
App. P. 34.6(f). 

Discussion

            T.S.
has not shown that the lost record is necessary for the resolution of his
appeal.  T.S. asserts that counsel is unable to determine what, if any, issues
should be argued on appeal.  He does not actually assert any particular error. 
When an appellant merely speculates that error might have been recorded in the
lost portion of the reporter’s record, he has not established that the record
is necessary to the appeal’s resolution.  Tex.
R. App. P. 34.6(f); Routier v. State, 112 S.W.3d 554, 571
(Tex. Crim. App. 2003).  We overrule T.S.’s sole issue.

 

Disposition

            We affirm
the trial court’s order of commitment for temporary inpatient mental health
services and the trial court’s order authorizing administration of psychoactive
medication.

 

 

                                                                                    Brian Hoyle

                                                                       
Justice

 

 

Opinion delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









                [1]
The court’s order refers to the Department of Mental Health and Mental
Retardation.  Likewise, Title 7 of the Health and Safety Code still defines
“department” as the Texas Department of Mental Health and Mental Retardation.  Tex. Health & Safety Code Ann. §
531.002(6) (Vernon 2010).  However, that department has been abolished.  See
Act of June 2, 2003, 78th Leg., R.S., ch. 198, § 1.26, 2003 Tex. Gen. Laws 611,
641.  Currently, the Texas Department of Health Services administers and
coordinates mental health services at the state and local level and operates
the state’s mental health facilities.  Tex.
Health & Safety Code Ann. § 1001.072 (Vernon 2010).